IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00205-03-CR-W-RK |
| ) | |
| JUSTIN DOMONIQUE DAVIS, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant Justin Domonique Davis's Motion to Dismiss Indictment With Prejudice (Doc. #169). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On July 19, 2018, a Criminal Complaint was filed against defendant Justin Domonique Davis, Joe Lee Nichols, Torrence Demond Key, Charles Stephon Porter, and Anthony Payne, Jr.[1] On August 8, 2018, the Grand Jury returned a 23-count Indictment against the five defendants. Defendant Davis is charged in nineteen of the counts. Specifically, defendant Davis is charged with Aid and Abet Hobbs Act Robbery (Counts One through Five, Eight, Nine, and Twenty-Two), Hobbs Act Conspiracy (Count Ten), Aid and Abet Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Counts Eleven through Fifteen, Eighteen, and Nineteen), Conspiracy to Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Count Twenty), Aid and Abet

---

[1] Defendants Porter, Payne, Nichols, and Key entered guilty pleas on July 27, 2021, January 20, March 11, and March 24, 2022, respectively.

Felon in Possession of a Firearm (Count Twenty-One), and Aid and Abet Possess/Carry/Use/Brandish/Discharge Firearm with a Crime of Violence (Count Twenty-Three).

The Court continued the trial of this matter from its original setting of September 24, 2018, to its current setting of June 6, 2022, by finding that the "ends of justice" were served by granting the motions for continuance filed by various defendants.

## II. DISCUSSION

Defendant Davis seeks to dismiss the charges against him based on "violation of the Speedy Trial Act and violation of his Constitutional right to a speedy trial." (Motion to Dismiss Indictment at 1; Doc. #169.)

A. Speedy Trial Act

Under the Speedy Trial Act, a defendant must be tried within seventy days of his initial appearance or the filing date of the indictment, whichever date last occurs. *See* 18 U.S.C. § 3161(c)(1). However, the Act excludes certain periods of delay in computing the time within which the trial must commence. *See* 18 U.S.C. § 3161(h). Among these exclusions are "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" and "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(6) and (h)(7)(A). "[E]xclusions of time attributable to one defendant apply to all codefendants." *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (quoting *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998)). *See also United States v. Haggard*, 509 Fed. Appx. 558, 559

(8th Cir. 2013) ("We . . . find no error in the denial of Haggard's motion to dismiss the indictment pursuant to the Speedy Trial Act, which was not violated by the grant of a co-defendant's motion for a continuance.")

Defendant Davis argues that the entry of the following four continuance orders (with their corresponding exclusions of time) denied him a speedy trial:

1. Doc. #79 – granting defendant Nichols's Motion for Continuance (Doc. #78) and continuing the case from the joint criminal jury trial docket commencing October 19, 2020, to the joint criminal jury trial docket commencing March 22, 2021.

2. Doc. #93 – granting defendant Nichols's Motion for Continuance (Doc. #91) and continuing the case from the joint criminal jury trial docket commencing May 3, 2021, to the joint criminal jury trial docket commencing January 10, 2022.

3. Doc. #134 – granting defendant Nichols's Motion for Continuance (Doc. #130) and continuing the case from the joint criminal jury trial docket commencing January 10, 2022, to the joint criminal jury trial docket commencing February 14, 2022.

4. Doc. #156 – granting defendant Nichols's Motion for Continuance (Doc. #155) and continuing the case from the joint criminal jury trial docket commencing February 14, 2022, to the joint criminal jury trial docket commencing May 2, 2022.

(Motion to Dismiss Indictment at 6; Doc. #169.) The Court will review each of these continuance orders.

1. Order Continuing Trial (Doc. #79)

On September 23, 2020, counsel for defendant Nichols, Assistant Federal Public Defender Robert Kuchar, filed a Motion for Continuance (Doc. #78). The motion stated in pertinent part that Mr. Kuchar "needs additional time to investigate and discuss discovery materials with defendant" and "no objection to this continuance from defendant, Justin Davis." (*Id.* at 2.)

The Court entered an Order Continuing Trial which stated:

> Given the issues outlined above [*i.e.*, counsel needs additional time to investigate and discuss discovery materials with the defendant and there is no opposition to the requested continuance[2]], the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to March 22, 2021, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendants their right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

(Doc. #79 at 2.)

Given that defendant Davis had no objection to this continuance at the time it was requested and granted, the Court finds the defendant's assertion now that the entry of this Order denied him a speedy trial to carry little weight. *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009) ("It is disingenuous for Bonilla-Filomeno to assert on appeal that the government's motion did not constitute a motion to continue, particularly where he expressly authorized the government to represent to the court [in its motion] that he had no objection to the setting of a continued trial date.")

    2.    <u>Order Continuing Trial (Doc. #93)</u>

On March 9, 2021, counsel for defendant Nichols, Dawn Parsons, filed a Motion for Continuance (Doc. #91). The motion stated in pertinent part that Ms. Parsons was appointed to represent defendant Nichols on December 9, 2020, that she "needs time to review discovery and

---

[2]While defendant Davis argues that "the Court did not conduct an inquiry to determine whether the various parties actually wanted and/or needed a continuance" and merely "assumed that counsel 'for the other defendants' did not oppose" (Motion to Dismiss Indictment at 7; Doc. #169), the Court's courtroom deputy did in fact reach out to counsel and confirm that those defendants not mentioned in the motion were in agreement with the requested continuance before the Court issued the Order Continuing Trial.

4

confer with Defendant," and that the continuance request was unopposed by all other counsel.[3]
(*Id.* at 2.)

The Court entered an Order Continuing Trial which stated:

> Given the issues outlined above [*i.e.*, recently-appointed counsel needs additional time to review discovery and confer with the defendant and there is no opposition to the requested continuance other than from defendant Davis who has not moved for a severance from his codefendants], the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 10, 2022, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendants their right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

(Doc. #93 at 2.)

3. <u>Order Continuing Trial (Doc. #134)</u>

On November 30, 2021, counsel for defendant Nichols, Dawn Parsons, filed a Motion for Continuance (Doc. #130). The motion stated in pertinent part that Ms. Parsons "needs more time to review discovery and confer with Defendant," that the continuance request is unopposed by defendants Key, Porter, and Payne, and that defendant Davis objects to the request for continuance. (*Id.* at 1.)

The Court entered an Order Continuing Trial which stated that defendant Porter entered a guilty plea on July 27, 2021, and that a change of plea hearing was scheduled for defendant Nichols on January 24, 2022. (Doc. #134 at 1 n.1.) The Order Continuing Trial further stated:

> Given the issues outlined above [*i.e.*, counsel needs additional time to review discovery and confer with the defendant and there is no opposition to the requested continuance other than from defendant Davis who has not moved for a severance from his codefendants], the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other disposition

---

[3]Prior to ruling on the motion for continuance, the Court learned that defendant Davis opposed the requested continuance.

prior to February 14, 2022, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendants their right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

(Doc. #134 at 2.)

### 4. Order Continuing Trial (Doc. #156)

On January 27, 2022, counsel for defendant Nichols, Dawn Parsons, filed a Motion for Continuance (Doc. #155). The Court entered an Order Continuing Trial which stated:

> On January 27, 2022, defendant Nichols filed a Motion for Continuance (Doc. #155). The motion requests a continuance to the joint criminal jury trial docket commencing May 2, 2022. The motion states:
>
>> 3. Mr. Nichols was recently moved, along with many other detainees from CoreCivic Leavenworth to USP Leavenworth after CoreCivic closed. The Court had scheduled a guilty plea for Mr. Nichols on January 24, 2022. A few days before Mr. Nichols scheduled hearing USP Leavenworth notified the Court they would not transport any detainees to scheduled Court hearings due to a large scale COVID outbreak. USP-Leavenworth did not have video availability to accommodate a video hearing the week of January 24, 2022. The Court has rescheduled Mr. Nichols' guilty plea for March 11, 2022, after the February 14, 2022, trial date.
>>
>> 4. Due to circumstances beyond anyone's control Mr. Nichols requests a continuance to the May 2, 2022, docket. If the plea does not happen on March 11, 2022, Counsel cannot be prepared to try the case on the next March docket. The Court does not have a docket in April. The next available docket is May 2, 2022.
>
> (Doc. #155 at 1-2.) Defendants Nichols and Key[4] and government counsel do not oppose the requested continuance. (*Id.* at 2.) Based on defendant Davis's objections to previous continuance requests, the motion assumes that defendant Davis objects to a continuance to the May docket. (*Id.*)
>
> Government counsel has advised the Court that the issues at USP-Leavenworth (the large scale COVID outbreak and video availability) have

---

[4] Defendants Porter and Payne had entered guilty pleas.

also hindered the government's ability to prepare government witnesses for trial testimony.

(Doc. #156 at 1-2.) The Order Continuing Trial further stated:

> As outlined above, defendant Nichols is attempting to resolve this case without a trial, but his change of plea hearing had to be rescheduled to a date beyond the docket on which the case is currently set because of a COVID outbreak at USP-Leavenworth. Should the plea, now scheduled for March 11, 2022, not proceed as planned, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to May 2, 2022, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court further finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

(*Id.* at 3.) The Order also noted that counsel for defendant Davis had not moved to sever Davis from his codefendants. (*Id.* at 3 n.2.)

Each time the Court granted a continuance motion, the Court made the findings required by the statute after considering the grounds the defendants asserted for needing a continuance and after considering defendant Davis's status in relation to his codefendants. While the Court could have gone into more detail in each of these four continuance orders regarding its "ends of justice" findings, the basis for each of the orders was that defense counsel required more time for effective preparation in either bringing their clients to trial or otherwise resolving the charges against them.[5] It should be noted that the challenged continuance orders were granted during the time frame that the Court was presented with continuance requests from counsel in numerous other cases who more specifically cited delays caused by the COVID-19 pandemic as the reason

---

[5]*See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009) (ends-of-justice finding was sufficient, even though it could have been more detailed, where it referenced the 18 U.S.C. § 3161(h) factor that a failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation by stating the continuance would permit "time to pursue plea negotiations or prepare for trial").

behind delays in their investigation and trial preparation. The Court believed that counsel in the instant case faced similar challenges.

Defendant Davis's argument that because he did not file (and for three of the four motions opposed) the motions to continue which resulted in a delay of the trial date, his Speedy Trial Act clock should have continued to run, must be denied. *See United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) ("Straughan [Shepard's codefendant] contends that because he did not file pretrial motions himself and cause a delay in the trial date, his clock should have continued to run. That, however, is not the law, and thus we find no error in the district court's calculation and determination that the Speedy Trial Act was not violated.") The periods of delay excluded by the four challenged continuance orders were properly excluded pursuant to the provisions of the Speedy Trial Act. The undersigned, therefore, recommends the Court find that defendant Davis's rights under the Speedy Trial Act have not been violated.

B. <u>Sixth Amendment Right to Speedy Trial</u>

As to defendant Davis's Sixth Amendment claim, the Eighth Circuit Court of Appeals has "stated that '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court identified four factors for courts to consider in determining whether post-indictment delay has deprived a defendant of his Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. "A delay approaching a year may meet the threshold for presumptively prejudicial delay

requiring application of the *Barker* factors." *Titlbach*, 339 F.3d at 699.

Defendant Davis first appeared in this case on July 19, 2018, and was indicted on August 8, 2018. The case is now set for trial on the joint criminal jury trial docket commencing June 6, 2022. At close to four years, Davis's delay compels the Court to look to the other factors in the balancing test. *See United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) ("At 17 months, Straughan's delay compels us to look to the other factors in the balancing test. *Barker*, 407 U.S. at 530 (noting that the length of delay is a 'triggering mechanism' for the inquiry into the other factors).")

With respect to the second factor, the reason for the delay, defendant Davis states that "the court must determine whether the Government or the Defendant was 'more to blame' for the delay." (Motion to Dismiss Indictment at 13; Doc. #169.) The reason for the delay appears to be that defense counsel required more time for effective preparation in either bringing their clients to trial or otherwise resolving the charges against them and, thus, filed motions to continue the trial. While the Court has discussed the four continuance orders which defendant Davis contests, there were other continuance motions which Davis did not contest and even two continuance requests made by counsel representing Davis. There is no evidence that the government caused any delay. This factor does not weigh against the government in the balancing process.

The third factor is the defendant's assertion of his right to a speedy trial. While defendant Davis began objecting to the continuance motions filed by his codefendants in March 2021, Davis was joined with codefendants as to whom the time for trial had not run and no motion for severance had been granted. In fact, no motion to sever defendant Davis from his

9

codefendants was ever filed by counsel.[6]  The only motion filed by defendant Davis's counsel which raises the speedy trial issue was the instant Motion to Dismiss Indictment which was filed on April 15, 2022.  Given that defendant Davis's trial was set on the joint criminal jury trial docket commencing May 2, 2022, defendant Davis requested a continuance of the trial to allow time for the government to respond to and for the Court to rule on the motion to dismiss.

The fourth factor is prejudice to the defendant.  The *Barker* court set forth the following with respect to this factor:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect.  This Court has identified three such interests:  (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.  If witnesses die or disappear during a delay, the prejudice is obvious.  There is also prejudice if defense witnesses are unable to recall accurately events of the distant past.

*Barker v. Wingo*, 407 U.S. 514, 532 (1972) (footnote omitted).

Defendant Davis argues that he has suffered the following prejudice:

> Oppressive pretrial incarceration kept the defendant from seeing his children and caused strains on other family ties that resulted in the breaking off of Mr. Davis's engagement to his fiancée.  The lengthy pretrial incarceration caused him to live with anxiety and under a constant cloud of suspicion as his arrest made public news.  Further, since his indictment, his previous employer, Bear Staffing Services, has permanently closed.  The defendant's previous employer would have provided records of the defendant's work schedule that would have provided an alibi to his whereabouts at the time some of the alleged offenses occurred.  In addition, the defendant's ex-fiancée has cut off all communication with him.  She would have been a material witness for the defense, as she would have provided testimony as to Mr. Davis's whereabouts at multiple occasions during which the

---

[6]Defendant Davis filed a *pro se* request for severance on July 12, 2021.  This request was denied because Davis is represented by counsel in this action.  The Court will only consider defense motions which are prepared by the defendant's counsel.  *See Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.")

alleged offenses occurred. The defense has been unable to obtain the location of this witness and believes the witness may have moved out of state.

(Motion to Dismiss Indictment at 15; Doc. #169.)

In *United States v. Shepard*, 462 F.3d 847 (8th Cir. 2006), the Court discussed a claim of prejudice similar to defendant Davis's claim of prejudice due to strain on his family ties and anxiety. The Court wrote:

> . . . [The defendant] claims oppressive pretrial incarceration kept him from seeing his children and caused him anxiety. Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served. *See* [*Barker*] at 534 (noting that "living for over four years under a cloud of suspicion and anxiety" was minimally prejudicial); *Morris v. Wyrick*, 516 F.2d 1387, 1391 (8th Cir. 1975) ("Anxiety and concern of the accused are undoubtedly present to some degree in every case . . . [h]owever, that alone does not establish prejudice where . . . the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific circumstances."), *cert. denied,* 423 U.S. 925 (1975).

*Shepard*, 462 F.3d at 865.

As to defendant Davis's claim of prejudice due to the loss of potential alibi evidence given that a previous employer, Bear Staffing Services, has permanently closed, the Court notes that the majority of the charges brought against defendant Davis (seventeen counts in the Indictment) allege crimes that occurred in June and July 2018. In July 2018, defendant Davis advised that he was employed at the Harley Davidson assembly plant and that he had been so employed for approximately two years. (Pretrial Services Report at 2; Doc. #22.) Thus, it would appear that defendant Davis's work schedule at Bear Staffing Services would not provide alibi evidence as to these charges. Two counts of the Indictment allege crimes against defendant Davis that occurred on December 12, 2013. Perhaps Davis was employed at Bear Staffing Services at that time. As set out above, defendant Davis contends that Bear Staffing

11

Services closed sometime after August 18, 2018 (the date Davis was indicted). Defendant Davis has offered no specifics to support his claim that work schedule records from December 2013 would have been available from Bear Staffing Services had the trial occurred earlier. To the extent that Bear Staffing Services maintained business records as to the work schedules of its employees while it was in business, it would seem that those records would still exist even if the business is now closed. Counsel has not advised the Court of any effort that has been undertaken to obtain these records.

Finally, defendant Davis claims prejudice due to the loss of potential alibi evidence given that his fiancée broke off their engagement and no longer communicates with him. According to the defendant, the delay in trial was the reason for his fiancée's actions. The Court has been provided with no specific exculpatory information that the defendant's ex-fiancée would have provided nor any efforts that counsel has undertaken to locate her. Defendant Davis's claim that his ex-fiancée would have provided alibi evidence had the trial occurred earlier appears speculative.

As set out above, the undersigned finds that the post-indictment delay was caused in large part by the filing of continuance motions by defendant Davis's codefendants, that the government was not responsible for the delay, that counsel did not attempt to sever Davis from his codefendants, that counsel did not raise the speedy trial issue until filing the instant Motion to Dismiss Indictment on April 15, 2022 (which necessitated yet another continuance), and that Davis has merely speculated about impairment to his defense. Taking into consideration the *Barker* factors, the undersigned recommends that the Court find that defendant Davis's Sixth Amendment right to a speedy trial has not been violated.

## IV. CONCLUSION

Given the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant Justin Domonique Davis's Motion to Dismiss Indictment With Prejudice (Doc. #169).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge