IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00205-03-CR-W-RK |
| ) | |
| JUSTIN DOMONIQUE DAVIS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on Defendant Justin Domonique Davis's Motion for Improper Joinder or, in the Alternative, for Severance (Doc. #166). Defendant Davis seeks to sever for trial Counts Twenty-Two and Twenty-Three from all other counts.[1] For the reasons set forth below, this motion is granted.

I. INTRODUCTION

On July 19, 2018, a Criminal Complaint was filed against defendants Joe Lee Nichols, Torrence Demond Key, Justin Domonique Davis, Charles Stephon Porter, and Anthony Payne, Jr.

On August 8, 2018, the Grand Jury returned a 23-count Indictment against defendants Nichols, Key, Davis, Porter, and Payne.[2] Defendant Davis was charged in nineteen of the counts. Specifically, defendant Davis was charged with Aid and Abet Hobbs Act Robbery (Counts One through Five, Eight, Nine, and Twenty-Two), Hobbs Act Conspiracy (Count Ten), Aid and Abet

---

[1] While defendant Davis's motion was filed prior to the return of the Superseding Indictment, the Court finds that arguments made by the parties pertain equally to the charges brought in the Superseding Indictment.

[2] Defendants Nichols, Key, Porter, and Payne have entered guilty pleas.

Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Counts Eleven through Fifteen, Eighteen, and Nineteen), Conspiracy to Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Count Twenty), Aid and Abet Felon in Possession of a Firearm (Count Twenty-One), and Aid and Abet Possess/Carry/Use/Brandish/Discharge Firearm with a Crime of Violence (Count Twenty-Three).

On May 17, 2022, the Grand Jury returned a 25-count Superseding Indictment against defendants Davis and Louis Candler, IV. Defendant Davis is charged in all twenty-five counts. The Superseding Indictment charges Davis with the same nineteen counts he faced in the original Indictment (with the addition of defendant Candler in six of those counts), as well as charging Davis in the four counts of the original Indictment that did not previously charge him (Counts Six and Sixteen relating to Arrowhead Inn Hobbs Act Robbery #1, and Counts Seven and Seventeen relating to Wood Spring Suites Hobbs Act Robbery #1) and two new charges brought against Davis and Candler (Counts Twenty-Four and Twenty-Five relating to Inner City Oil Hobbs Act Robbery). But for Counts Twenty-Two and Twenty-Three (Church's Chicken Hobbs Act Robbery), all of the charges in the original Indictment and the Superseding Indictment allege criminal activity in June and July of 2018. Counts Twenty-Two and Twenty-Three of the original Indictment and the Superseding Indictment allege criminal activity on December 12, 2013.[3]

Defendant Davis initially appeared in this case on July 19, 2018, and is currently set for trial on the joint criminal jury trial docket commencing June 6, 2022. Defendant Candler initially appeared in this case on May 19, 2022, and was arraigned on May 24, 2022.

---

[3] The Court notes that defendant Candler is not charged in Counts Twenty-Two and Twenty-Three of the Superseding Indictment.

2

## II.  DISCUSSION

Whether two or more offenses can be joined in a single indictment is governed by Rule 8(a) of the Federal Rules of Criminal Procedure.  Rule 8(a) provides:

> (a)  **Joinder of Offenses.**  The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a).

Defendant Davis argues that Counts Twenty-Two and Twenty-Three are not properly joined with the other counts:

> 6.  "In applying the "same or similar character" standard, this court has allowed the offenses to be joined when 'the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." [*United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984)].
>
> 7.  The offenses charged in Counts XXII and XXIII are not of the same or similar character as the other offenses with which Mr. Davis is charged.  In all other counts, Mr. Davis is alleged to have committed the offenses with at least one other person, and usually with at least two other people.  All of the other counts with which Mr. Davis is charged involve cellular phone stores, all within a span of 32 days.
>
> 8.  Mr. Davis is the only defendant in this Indictment charged in Counts XXII and XXIII, and none of the Government's evidence on these counts overlaps with any other count in the Indictment.
>
> 9.  Counts XXII and XXIII are alleged to have occurred 4 ½ years before the other counts in the Indictment.  Such a lengthy time period also defeats any argument that the offenses were part of a "common scheme or plan."  *United States v. Mann*, 701 F.3d 274, 290 (8th Cir. 2012).

(Defendant's Motion for Improper Joinder or, in the Alternative, for Severance at 4; Doc. #166.)

The government provided the following basis for the joinder of Counts Twenty-Two and Twenty-Three with the other counts:

3

In this case, Davis argues that Counts XXII and XXIII are not the same or similar to the other counts that he is charged with. However, they are the exact same offenses as the other offenses he is charged with. Count XXII charges the defendant with a Hobbs Act robbery, which is the same crime that he was charged with in Counts I, II, III, IV, V, VIII, and IX. Count XXII [sic] charges that the defendant carried, possessed, used, brandished, and discharged a firearm in furtherance of a crime of violence, which is the same crime he is charged with in Counts XI, XII, XIII, XIV, XV, XVI [sic], XVII [sic], XVIII, and XIX. These counts are "of the same or similar character" and therefore properly joined under Rule 8.

The time-period factor is to be determined by a case-by-case approach and there is no per se rule on what is considered a short period of time. *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). It is relative to the similarity of offenses and the possible overlapping of evidence. *Id*. In *Rodgers*, the court held that the counts were properly joined because even though they were 20 months apart, the evidence for both would overlap if presented in two different trials. *Id*. "Other cases with significant time periods between offenses but that nevertheless affirmed joinder includes [sic] *United States v. Hastings,* 577 F.2d 38 (8th Cir.1978) (counterfeiting offenses covering a two-year period properly joined)." *Id.*

Davis argues that because Counts XXII and XXIII occurred 4 ½ years before the other counts, that they are not properly joined. However, there is no per se rule to what is considered a "relatively" short amount of time. Also, in accordance with Rule 404(b), if these counts were to be severed, evidence for both trials could overlap due to the similarity in the offenses. The similarity between the offenses and possible overlap of evidence at separate trials support joinder in accordance with Rule 8.

(Government's Response to Defendant's Motion for Severance at 2-3; Doc. #170.)

The Court finds that the four and one-half year gap between the charges set out in Counts Twenty-Two and Twenty-Three (December 2013) and the other twenty-three counts (June and July 2018) of the Superseding Indictment appears to violate the "relatively short period of time" factor. *See United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) ("At first blush, the 20 month time period between the offenses would seem to violate the 'relatively short period of time' factor.") While "there is no per se rule on when the time period between similar offenses is so great that they may not be joined," *Rodgers*, 732 F.2d at 629, the government has provided no case

4

law (and the Court has found none in its independent research) in which a court found robbery offenses committed more than four years apart to be properly joined. However, as stated by the *Rodgers* court, "[t]he time period is relative to the similarity of the offenses, and the possible overlapping of evidence." *Id.* The government contends that "in accordance with Rule 404(b), if these counts were to be severed, evidence for both trials could overlap due to the similarity in the offenses." (Doc. #170 at 3.) Defendant Davis did not file a reply to address the government's Rule 404(b) argument.

The Court finds that but for the length of time between the charged offenses, Counts Twenty-Two and Twenty-Three (charging a Hobbs Act robbery and the use of a firearm during the robbery) are clearly of the same or similar character to Counts One through Nine, Eleven through Nineteen, Twenty-Four, and Twenty-Five (charging Hobbs Act robberies and the use of firearms during those robberies). If, as the government argues, evidence relating to Counts Twenty-Two and Twenty-Three are admissible in a trial of the other counts pursuant to Rule 404(b) and vice versa, it would appear that Counts Twenty-Two and Twenty-Three could be deemed properly joined with the other counts.

However, proper joinder of counts does not end the inquiry. Relief from proper, but nevertheless prejudicial, joinder is governed by Rule 14 of the Federal Rules of Criminal Procedure. That rule provides in part:

> (a) **Relief.** If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). Rule 14 relief lies within the discretion of the court. *See United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984).

5

Defendant Davis provided the following argument with respect to the prejudice he will suffer if Counts Twenty-Two and Twenty-Three are joined with the other counts for trial:

> 10. Mr. Davis will suffer prejudice if these counts are tried together. He may want to testify as to some counts but not to others. There is a possibility that he will be forced to present inconsistent defenses if these counts are not severed. The jury may rely on evidence of one crime to infer a criminal disposition and find guilt as to other crimes. The jury may also cumulate evidence of the other counts in finding Mr. Davis guilty of Counts XXII and XXIII.

(Defendant's Motion for Improper Joinder or, in the Alternative, for Severance at 4; Doc. #166.)

The Court finds that the return of the Superseding Indictment on May 17, 2022, which Superseding Indictment added defendant Candler as well as six new counts against defendant Davis, makes a trial of all defendants and all counts charged in the Superseding Indictment impossible on defendant Davis's current trial setting of June 6, 2022. However, a severance of counts would allow defendant Davis, who has raised speedy trial concerns, to be tried on Counts Twenty-Two and Twenty-Three of the Superseding Indictment on the scheduled trial docket. The severance of counts also eliminates the prejudice defendant Davis claims he will suffer in a trial of all counts. Finally, the severance of counts will allow the parties time to address the scheduling of the trial on the remaining charges against defendant Davis (and the charges against defendant Candler).

### III. CONCLUSION

The Court finds that a joinder of Counts Twenty-Two and Twenty-Three with the other counts of the Superseding Indictment appears to prejudice defendant Davis. The Court further finds that justice requires that Counts Twenty-Two and Twenty-Three be severed for trial.

6

Case 4:18-cr-00205-RK    Document 190    Filed 05/24/22    Page 6 of 7

Therefore, it is

ORDERED that defendant Davis's Motion for Severance (Doc. #166) is granted.

                                                           */s/ Lajuana M. Counts*
                                                           Lajuana M. Counts
                                                           United States Magistrate Judge