IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00205-03-CR-W-RK |
| ) | |
| JUSTIN DOMONIQUE DAVIS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on defendant Justin Domonique Davis's *pro se* Motion to Sever (Doc. #246).[1] For the reasons set forth below, this motion is denied.[2]

I. INTRODUCTION

On July 19, 2018, a Criminal Complaint was filed against defendants Joe Lee Nichols,

---

[1] Defendant Davis was granted leave to proceed *pro se* on May 31, 2022.

[2] In the alternative, the motion requests that the Court reconsider the defendant's bond release. (Doc. #246 at 6.) On July 24, 2018, a Detention Order for defendant Davis was entered finding "[b]y clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." (Doc. #24 at 1.) The pertinent standard for release or detention of a defendant pending trial is set forth at 18 U.S.C. § 3142(b) which states: "[t]he judicial officer shall order the pretrial release of the person . . . unless the judicial officer determines that such release . . . will endanger the safety of any other person or the community." After the entry of a guilty verdict, the standard changes. Pursuant to 18 U.S.C. § 3143(a), "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to . . . pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Having considered the factual information which formed the basis of the Court's original decision to detain the defendant and the different standard that applies now that the defendant has been found guilty on Counts Twenty-Two and Twenty-Three of the Superseding Indictment, the Court denies the defendant's alternative request that he be released on bond.

Torrence Demond Key, Justin Domonique Davis, Charles Stephon Porter, and Anthony Payne, Jr. Defendant Davis initially appeared in this case on July 19, 2018.

On August 8, 2018, the Grand Jury returned a 23-count Indictment against defendants Nichols, Key, Davis, Porter, and Payne.[3] Defendant Davis was charged in nineteen of the counts. Specifically, defendant Davis was charged with Aid and Abet Hobbs Act Robbery (Counts One through Five, Eight, Nine, and Twenty-Two), Hobbs Act Conspiracy (Count Ten), Aid and Abet Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Counts Eleven through Fifteen, Eighteen, and Nineteen), Conspiracy to Possess/Carry/Use/Brandish Firearm with a Crime of Violence (Count Twenty), Aid and Abet Felon in Possession of a Firearm (Count Twenty-One), and Aid and Abet Possess/Carry/Use/Brandish/Discharge Firearm with a Crime of Violence (Count Twenty-Three).

On May 17, 2022, the Grand Jury returned a 25-count Superseding Indictment against defendants Davis and Louis Candler, IV. Defendant Davis is charged in all twenty-five counts. The Superseding Indictment charges Davis with the same nineteen counts he faced in the original Indictment (with the addition of defendant Candler in six of those counts), as well as charging Davis in the four counts of the original Indictment that did not previously charge him (Counts Six and Sixteen relating to Arrowhead Inn Hobbs Act Robbery #1, and Counts Seven and Seventeen relating to Wood Spring Suites Hobbs Act Robbery #1) and two new charges brought against Davis and Candler (Counts Twenty-Four and Twenty-Five relating to Inner City Oil Hobbs Act Robbery, "an armed robbery shooting incident with one person deceased at the scene"[4]).

Defendant Candler initially appeared in this case on May 19, 2022. Defendant Candler

---

[3] Defendants Nichols, Key, Porter, and Payne have entered guilty pleas.

[4] (Criminal Complaint Affidavit at 2; Doc. #1-1.)

2

has filed a motion to continue the trial of this matter to the joint criminal jury trial docket commencing May 1, 2023.

The Court granted defendant Davis's request to sever for trial Counts Twenty-Two and Twenty-Three of the Superseding Indictment, given that defendant Candler was not charged in these counts and given the four and one-half year gap between the charges set out in Counts Twenty-Two and Twenty-Three (December 2013) and the other twenty-three counts (June and July 2018). Defendant Davis was found guilty on these two counts on June 16, 2022.

## II. DISCUSSION

### A. Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). "'There is a preference in the federal system for joint trials of defendants who are indicted together.'" *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). A joint trial is especially compelling when it is charged that defendants have engaged in a conspiracy. *See United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010), *cert. denied*, 562 U.S. 1181 (2011); *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir.), *cert. denied*, 522 U.S. 866 (1997). "'The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal.'" *United States v. Mallett*, 751 F.3d 907, 917 (8th Cir. 2014) (quoting *United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009)).

3

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. *See United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984), *overruled on other grounds by United States v. Inadi*, 475 U.S. 387 (1986). *See also United States v. Willis*, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder"); *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989) ("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Indictment, it is clear that the charges brought against both defendant Davis and defendant Candler (Aid and Abet Hobbs Act Robbery—Counts Eight, Nine, and Twenty-Four; Hobbs Act Conspiracy—Count Ten; Aid and Abet Possess/Carry/Use/Brandish/Discharge Firearm with a Crime of Violence—Counts Eighteen, Nineteen, and Twenty-Five; and Conspiracy to Possess/Carry/Use/Brandish/Discharge Firearm with a Crime of Violence—Count Twenty) satisfy the requirement that the defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

B. <u>Defendant Davis is Not Unfairly Prejudiced By Joinder With Defendant Candler</u>

"'When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Casteel*, 663 F.3d 1013, 1018 (8th Cir. 2011) (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. *See United States v. Davis*, 882 F.2d 1334, 1340 (8th Cir. 1989), *cert. denied*, 494 U.S. 1027 (1990).

4

Defendant Davis argues that he would be prejudiced by a joint trial. Specifically, the defendant states that "continuation of this joinder will precipitate a violation of his right to a speedy trial." (Doc. #246 at 2.)

The Court notes that defendant Davis has previously raised speedy trial concerns. On April 15, 2022, defendant Davis filed a Motion to Dismiss Indictment alleging a violation of the Speedy Trial Act and a violation of the Constitutional right to a speedy trial. The undersigned issued a Report and Recommendation on May 17, 2022, which discussed the defendant's rights under both the Speedy Trial Act and the defendant's Sixth Amendment right to a speedy trial. On June 8, 2022, the Honorable Roseann A. Ketchmark adopted the Report and Recommendation and denied the Motion to Dismiss Indictment. Given that the Court already has found that prior to the return of the Superseding Indictment, there was no violation of the defendant's right to a speedy trial, the Court will not revisit arguments relating to the time period prior to the return of the Superseding Indictment, but will instead focus on the time period subsequent to the return of the Superseding Indictment.

The Report and Recommendation previously filed in this case provided the following with respect to the Sixth Amendment right to a speedy trial:

> As to defendant Davis's Sixth Amendment claim, the Eighth Circuit Court of Appeals has "stated that '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court identified four factors for courts to consider in determining whether post-indictment delay has deprived a defendant of his Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. "A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors." *Titlbach*, 339 F.3d at 699.

(Doc. #175 at 8.)

First, the Court notes that defendant Davis's Motion to Sever does not contain an argument that the Speedy Trial Act has been violated and the Court has no reason to find that the Speedy Trial Act has been violated. Thus, as set forth above, it would be unusual to find that the Sixth Amendment has been violated when the Speedy Trial Act has not.

With respect to the *Barker* factors, the Court finds, just as it found in the Report and Recommendation, that the length of the delay[5] compels the Court to look to the other factors in the balancing test. The Court also finds that defendant Davis has asserted his right to a speedy trial. However, the Court maintains that the remaining factors, the reason for the delay and the prejudice to the defendant, go to the core of the issue as to whether defendant Davis, by being joined for trial with defendant Candler, is being deprived of his Sixth Amendment right to a speedy trial.

The second *Barker* factor, the reason for the delay, is that a Superseding Indictment was filed on May 18, 2022. This Superseding Indictment included charges against a new co-defendant, Louis Candler, IV, as well as additional charges against defendant Davis. The government has advised that the delay in obtaining the Superseding Indictment was caused by the inability to obtain the testimony of the cooperating defendants until after they pled guilty, with the last guilty plea occurring in March of 2022. Further, defendant Candler has filed a motion to continue the trial of this matter to the joint criminal jury trial docket commencing May 1, 2023, stating that this additional time is needed for the defendant and counsel to review the voluminous discovery, to determine whether pretrial motions need to be filed, and to discuss the evidence, the

---

[5]Given defendant Candler's motion to continue the trial of this matter to the joint criminal jury trial docket commencing May 1, 2023, defendant Davis will have been in custody for close to five years at the time of trial.

law, and defendant Candler's options. The reasons for the delay appear appropriate.

The fourth *Barker* factor is prejudice to the defendant. In the Motion to Sever, defendant Davis wrote:

> When examining prejudice, courts look to the three primary interests vindicated by the speedy trial right: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

(Doc. #246 at 5.) The *Barker* court went on to state: "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker v. Wingo*, 407 U.S. 514, 532 (1972).

With respect to prejudice, defendant Davis argues that he "has been in custody for four years on what stand today as unproven charges" and that "[p]rotracted pretrial incarceration of that magnitude unquestionably creates prejudice." (*Id.*) As set forth above, defendant Davis was found guilty on two counts in this case on June 16, 2022. Pursuant to 18 U.S.C. § 3143(a)(2), a judicial officer shall order that a person who has been found guilty of an offense of the type on which defendant Davis was convicted be detained while awaiting imposition or execution of sentence. Thus, defendant Davis is now detained not only on "unproven charges," but also on proven charges. The Court finds it significant to defendant Davis's claim of prejudice that he would remain detained even if he were tried today on the remaining counts of the Superseding Indictment and found not guilty as to those charges.

Next, defendant Davis argues that the delay in trial is causing him heightened anxiety, especially considering the new charge in the Superseding Indictment that he was a participant in a robbery which resulted in a homicide. While the Court does not question that defendant Davis is anxious about the charges pending against him and that he would prefer to put the trial of those

7

charges behind him sooner rather than later, the Eighth Circuit Court of Appeals has stated: "Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served." *United States v. Shepard*, 462 F.3d 847, 865 (8th Cir.), *cert. denied*, 549 U.S. 1099 (2006). Defendant Davis has not presented an actual example of how his defense will be impaired if he is tried with defendant Candler in May 2023. Instead, defendant Davis provides speculation that this further delay will allow the government more time to pursue evidence, including possibly turning defendant Candler into a witness against him, and that the passage of time increases the odds that witnesses will recall events inaccurately.

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993). While the Court understands defendant Davis's frustration with the delay in bringing the remainder of the charges filed against him to trial, the Court finds that Davis has not shown sufficient prejudice to justify severance under Rule 14. The efficiencies of holding a joint trial in this case and avoiding the duplication of witnesses, expense, and consumption of court time weigh in favor of a joint trial.

### III. CONCLUSION

Given the Court's findings that defendant Davis is properly joined with defendant Candler and that he has not shown sufficient prejudice to justify severance under Rule 14, it is

ORDERED that defendant Davis's Motion to Sever (Doc. #246) is denied.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge